IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| THEODORE J. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:05CV863 |
| ) | |
| DUSTIN SPEIGHTS, in his official ) | |
| capacity, and JEFFERY BRAFFORD, in ) | |
| both his individual and official capacities, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on a Motion by Defendants for Summary Judgment [Document #24] and a Motion by Defendants to Strike the Affidavit of Plaintiff Theodore J. Williams [Document #34]. In addition, Plaintiff has filed various Motions for Sanctions Pursuant to Rule 11 [Document #38 , #43, #53] and a Motion to Stay [Document #44]. Finally, Defendants have filed a Motion to Compel [Document #57], seeking production of certain documents upon which Plaintiff intends to rely but which have not been provided to Defendants in discovery or in response to the Motion for Summary Judgment.

In this lawsuit, Plaintiff, who is *pro se*, brings claims pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated by Stanly County Sheriff's Deputies Dustin Speights ("Defendant Speights") and Jeffery Brafford ("Defendant Brafford") in retaliation for his previous lawsuit against the Stanly County Sheriff and various Stanly County Officials. That previous lawsuit is pending in this Court as case number 1:04CV404. Plaintiff in the present suit contends

that after that previous lawsuit was filed, he was arrested for driving with a suspended license, even though he was not actually driving at all. Plaintiff claims that he rode as a passenger in a friend's vehicle to the Stanly County Courthouse, and that he was walking across the street when Defendant Speights, acting on orders of Defendant Brafford, stopped him, searched him, seized him, arrested him for driving while his license was revoked, strip searched him, and placed him in jail. Plaintiff contends that during the stop, multiple officers joined Defendant Speights, Defendant Speights unstrapped his gun and reached for his Taser, and another deputy placed his hand on Plaintiff's arm and "held him at bay." Plaintiff contends that the Defendants could not have had probable cause to arrest him because Defendant Brafford did not see, and could not have seen, Plaintiff driving. Plaintiff further contends that Defendant Brafford deliberately gave Deputy Speights false information in order to have Plaintiff arrested. Plaintiff also notes that Defendant Brafford has given various statements regarding these events that differed in material ways. Plaintiff contends that this seizure and subsequent arrest were part of an ongoing, concerted effort by Defendant Brafford and others to retaliate against him for his prior lawsuit. Plaintiff also contends that the Stanly County Sheriff has failed to adequately train and supervise his law enforcement officers. Plaintiff has sued Defendant Speights and Defendant Brafford in their official capacities as Stanly County Sheriff's Deputies, and has also sued Defendant Brafford in his individual capacity, contending that Defendant Brafford fabricated a reason to have him arrested and ordered his arrest in retaliation for Plaintiff's prior lawsuit.

In his prior lawsuit, Case Number 1:04CV404, Plaintiff alleges that he was attacked by

2

fellow inmates and failed to receive proper medical treatment due to prison overcrowding. In addition, Plaintiff contends that his attack was instigated by prison officials, and he presented evidence in that lawsuit indicating that he was targeted and retaliated against by various officials, particularly Deputy Brafford.[1] During the relevant time frame, Deputy Brafford was responsible for overseeing the Stanly County Jail, and was responsible for administration of the jail while Plaintiff was incarcerated there, and Deputy Brafford has provided an affidavit for the Sheriff's office in that prior suit. The prior lawsuit is ongoing, and at the Court's request, North Carolina Prisoner Legal Services is representing Plaintiff in that suit.

Defendants in the present suit have filed a Motion for Summary Judgment contending that Plaintiff has failed to show that any alleged constitutional violations were the result of any official policy, practice or custom of the Stanly County Sheriff's Office, that the officers had probable cause to stop and arrest Plaintiff, and that Defendant Brafford in his individual capacity is protected by qualified immunity. Plaintiff filed a brief and an affidavit in response to the Motion for Summary Judgment, but Defendants have moved to strike portions of the affidavit, contending that it contains conclusory statements, hearsay, and information beyond Plaintiff's

---

[1] For example, Plaintiff has presented an affidavit from a former Deputy Sheriff, stating that Plaintiff was targeted by officials in retaliation for his previous lawsuits. The Deputy's affidavit also states that a sign was posted, which Plaintiff contends was created by Defendant Brafford, with pictures of Plaintiff before the beating and after the beating, with a caption indicating that the pictures were "Before he sued the D.A.'s office" and "After he sued the D.A.'s office." (See Affidavit of Becky Green, Document #30-3, Ex. B at 5-6, in 1:04CV404). Plaintiff repeats this contention in the present lawsuit, and alleges that his criminal defense attorney also saw these pictures posted in this manner.

3

knowledge, without supporting evidence. Defendants have also filed a Motion to Compel indicating that they have not seen all of the evidence on which Plaintiff intends to rely. Plaintiff subsequently filed Motions for Sanctions and a Motion to Stay, which referenced additional evidence that Plaintiff was unable to obtain because he is currently incarcerated. Therefore, it is apparent that not all of Plaintiff's evidence has been provided to Defendants or presented to the Court. Thus, as in Plaintiff's previous case, Plaintiff's *pro se* status is impairing his ability to properly present his claims and evidence to the Court. Given the allegations and the context of these cases, the Court will not dismiss Plaintiff's claims without providing Plaintiff with the opportunity to obtain and present all of his evidence. In managing this case, for judicial convenience, the Court will consolidate this case with Plaintiff's previously filed case, particularly in light of the overlapping contentions and the relationship between the cases. Therefore, this case will be removed from the Court's January 2007 trial calendar and will be consolidated with case number 1:04CV404. In light of these determinations, Defendants' Motion for Summary Judgment will be denied, without prejudice to Defendants filing a renewed Motion for Summary Judgment at the conclusion of any discovery period in the consolidated cases. In addition, the Court will request North Carolina Prisoner Legal Services to represent Plaintiff in this case as well in light of the consolidation and the issues raised. As in the previous case, North Carolina Prisoner Legal Services may file an Amended Complaint if necessary to clarify the claims raised and the basis therefore. The parties may also request an additional period for discovery as needed in these consolidated cases, and during that period may resolve any

4

outstanding discovery issues.

Given these determinations, Defendants' Motion to Strike Portions of the Affidavit of Theodore Williams [Document #34] and Defendants' Motion to Compel [Document #57] will be denied as moot. With respect to Plaintiff's pending Motions for Sanctions Pursuant to Rule 11, Plaintiff has not presented any valid basis justifying any award of sanctions under Rule 11, and Plaintiff's Motions for Sanctions [Document #38, #43, #53] will be denied. Plaintiff's Motion to Stay [Document #44] will be denied as moot. Finally, the Court notes that given these rulings, Plaintiff's recent Motion for Writ of Habeas Corpus Ad Testificandum [Document #59] is moot and will be denied.

IT IS THEREFORE ORDERED that this case is hereby removed from the Court's January 2007 trial calendar and is consolidated with Case Number 1:04CV404. North Carolina Prisoner Legal Services is hereby REQUESTED AND APPOINTED to represent Plaintiff in this case in light of the consolidation and the issues raised.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment [Document #24] is denied, without prejudice to Defendants filing a renewed Motion for Summary Judgment at the conclusion of any discovery period in the consolidated cases.

IT IS FURTHER ORDERED that Defendants' Motion to Strike Portions of the Affidavit of Theodore Williams [Document #34] and Defendants' Motion to Compel [Document #57] are DENIED AS MOOT, Plaintiff's Motions for Sanctions [Document #38, #43, #53] are DENIED, Plaintiff's Motion to Stay [Document #44] is DENIED AS MOOT, and Plaintiff's

Motion for Writ of Habeas Corpus Ad Testificandum [Document #59] is DENIED AS MOOT.

This, the 19th day of December, 2006.

_____
United States District Judge